## SENIOR v. THE STATE.

*Simmons, C. J.*—1. It was error for the judge, upon the trial of an indictment for assault with intent to rape, while counsel for the accused was cross-examining as a witness the woman alleged to have been assaulted, and testing the accuracy of her vision by asking her the color of the clothing of different men in the bar of the court, to interrupt counsel and state in the presence of the jury, "That is no test. She was right up to this man [meaning the accused and referring to the time of the alleged assault]. You can't take an old person like that, who has to wear specks, and test her sight from where you are from here."

2. Where in such a trial the identity of the accused with the person who committed the alleged assault was a vital and controlling issue, and the accused and his brother were sitting together in the bar of the court, it was the right of counsel for the accused, while the woman alleged to have been assaulted was on the stand as a witness, to ask her to point out which of the two was the man who committed the offense, and upon her refusal so to do, it was the duty of the judge either to require the witness to comply with this request of counsel, if in her power, or else to rule out all of her evidence implicating the

accused as the guilty person. If the witness had stated her inability to say which of the two men in question assaulted her, this would have been a sufficient compliance with the counsel's request.

3. Other than as above indicated, there was nothing in any of the grounds of the motion for a new trial which would require or justify a reversal of the judgment below. *Judgment reversed.* July 10, 1895.

Indictment for assault to rape. Before Judge Clark. DeKalb superior court. February term, 1895.

*Frank R. Walker*, for plaintiff in error.

*John S. Candler, solicitor-general*, contra.